United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NORMAN CLANCY,<br><br>      Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE,<br><br>      Defendant. | Case No. 19-cv-04257-BLF<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM JUDGMENT**<br><br>[Re: ECF 13] |

On October 6, 2020, Pro se plaintiff Norman Clancy filed an amended complaint, *see* ECF 11, in a case in which judgment has already been entered, against him. *See* Judgment, ECF 10. The Court struck this complaint on October 7, 2020, and instructed Mr. Clancy that if he wanted the Court to set aside its judgment against him, he needed to move for relief from judgment under Fed. R. Civ. Pro. 60(b)(1), showing either mistake, inadvertence, surprise, or excusable neglect that justified the Court relieving him of the final judgment. *See* Order, ECF 12. The Court was also clear that this needed to be filed by October 17, 2020, which marked one year after the judgment had been entered against him and the deadline for relief under Rule 60(b). *Id.*

On October 19, 2020—the Monday after the one-year deadline—Mr. Clancy filed another "amended complaint." *See* Am. Compl., ECF 13. It does not contain any claims against Defendant but instead contains his explanation for his delay in filing, which includes medical hardship. *Id.* For this reason, the Court construes this as Mr. Clancy's Rule 60(b) motion.

Mr. Clancy has still failed to file a proper motion to proceed in forma pauperis, and a sua sponte screening pursuant to 28 U.S.C. § 1915 establishes that he has failed to allege facts showing personal jurisdiction over Defendant in this Court. This case was initially dismissed on the merits for failure to state a claim upon which relief could be granted. *See* Order Adopting R. & R., ECF 9. In a 28 U.S.C. § 1915(a) screening, Judge Cousins instructed Mr. Clancy that his

complaint must contain "a short and plain statement of the court's jurisdiction." Order 2, ECF 5.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[T]he district court applies the law of the state in which the district court sits."). California's long-arm statute is coextensive with federal due process requirements. *Schwarzenegger*, 374 F.3d at 800-01. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 571 U.S. at 283. "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A federal district court may exercise either general or specific personal jurisdiction over a nonresident defendant. *Daimler*, 571 U.S. at 126–27. General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 127 (internal quotation marks and citation omitted). A nonresident that is subject to the court's general jurisdiction may be sued for claims "arising from dealings entirely distinct" from the forum-related activities. *Id.* (internal quotation marks and citation omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 126-127. A defendant's contacts with a resident of the forum state alone are insufficient to establish personal jurisdiction – to satisfy due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284.

Mr. Clancy alleges that Defendant Allstate is incorporated in Illinois and has its principal place of business in Illinois. Am. Compl. 6. He also lists a Dallas, Texas, address for the Defendant. Am. Compl. 4. Accordingly, there is no basis for general personal jurisdiction over Defendant.

As to specific jurisdiction, Mr. Clancy states, "Allstate, is an insurance company

authorized to do and/or doing business in California, and subject to the jurisdiction of this Honorable Court." Am. Compl. 8. This conclusory statement is not enough to establish personal jurisdiction. Further, Mr. Clancy informed the Court in his Rule 60(b) motion that the destroyed house at the heart of this dispute is located in New York and subject to an interpleader action in the Southern District of New York. *See* ECF 13. Mr. Clancy has not alleged a single fact connecting Defendant to the state of California. For these reasons, the Court DENIES the Rule 60(b) motion. The original judgment remains in place.

**IT IS SO ORDERED.**

Dated: October 21, 2020

_____
BETH LABSON FREEMAN
United States District Judge